UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTIAN HERNANDEZ,

Petitioner(s),

v.

BRUCE SCOTT,

Respondent(s).

CASE NO. C26-2549-KKE

ORDER GRANTING HABEAS PETITION

This is a federal habeas action under 28 U.S.C. § 2241. Petitioner has been detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") since February 2026, and an immigration judge ("IJ") issued a form order denying bond because he found that Petitioner was a flight risk and/or a danger to the community. The IJ abused his discretion in denying bond without providing a reasoned explanation to do so, and the Court will therefore grant the petition for writ of habeas corpus.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. No. 8 ¶ 3. In 1996, Petitioner entered the United States without being inspected, admitted, or paroled. *Id.* In July 2025 and January 2026, Petitioner was convicted of misdemeanor charges for driving under the influence ("DUI"). *Id*. ¶¶ 4–5.

ICE agents encountered Petitioner while he was incarcerated on his most recent DUI conviction and transferred him to immigration custody. Dkt. No. 8 ¶ 6. The United States Department of Homeland Security initiated removal proceedings. Dkt. No. 9-2. In February 2026, Petitioner was transferred to NWIPC, where he remains detained. Dkt. No. 8 ¶¶ 6–8, 11.

Petitioner received a bond hearing in March 2026, and the immigration judge ("IJ") denied bond, finding that Petitioner was a danger to the community and a flight risk. Dkt. No. 9-4. Petitioner reserved the right to appeal that order, but has not filed an appeal. Dkt. No. 8 ¶ 8. Petitioner was ordered removed to Mexico in May 2026, and Petitioner has appealed the removal order to the Board of Immigration Appeals. *Id.* ¶¶ 9–10. The appeal remains pending. *Id.* ¶ 10.

Petitioner then filed the current habeas petition, representing himself and arguing that the immigration judge abused his discretion in finding Petitioner to be a danger to the community and/or a flight risk. Dkt. Nos. 4, 15. The Government[1] filed a return and also filed a notice of intent to remove Petitioner from the United States during September 2026.[2] Dkt. Nos. 7, 13.

The petition is now ripe for resolution.[3] Because the Court finds that the IJ abused his discretion in failing to provide a reasoned explanation for his danger/flight risk finding, the Court will grant the habeas petition.

## II. ANALYSIS

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of

---

[1] In this order, the Court refers to Interested Non-Party the United States as "the Government." *See* Dkt. No. 7 at 1 n.2.

[2] The Court assumes this notice was filed in error given that the Government acknowledges that Petitioner's removal order is on appeal. *See* Dkt. No. 8 ¶ 10.

[3] Although Petitioner moved for additional time to file a traverse, this motion is moot because Petitioner filed a traverse before the motion became ripe. *See* Dkt. Nos. 11, 15. And although the Court previously granted Petitioner's motion to appoint counsel, the Court has been unable to locate counsel willing to represent Petitioner and thus Petitioner must continue to litigate this matter himself.

habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

A district court reviews an IJ's bond determination as to dangerousness and flight risk for abuse of discretion.[4] *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). When reviewing for abuse of discretion, the district court does not re-weigh the evidence, but rather determines whether the IJ applied the correct legal standard. *See id.* at 785.

In making bond determinations, IJs consider the "*Guerra* factors":

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

In this case, the IJ checked a box indicating that bond was denied because "[Petitioner] has failed to establish that he is not a Danger to the Community or a Flight Risk." Dkt. No. 9-4 at 2. There are no additional findings in writing or on the record that explain the basis for this

---

[4] Although the Government argues that the Court should require Petitioner to exhaust administrative remedies before considering the habeas petition on its merits (Dkt. No. 7 at 8–10), the Court waives prudential exhaustion in light of the irreparable injury that might result from the continued unlawful detention the petition alleges. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004); *see also Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026) (waiving administrative exhaustion requirements because "given the broader irregularities in bond hearings across the country … administrative remedies in the immigration system appear no longer efficacious").

conclusion. The failure to provide a reasoned explanation is an abuse of discretion. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014). Without any findings to review, the Court cannot determine whether the IJ properly applied the *Guerra* factors to Petitioner's circumstances. The failure to provide an explanation also hinders meaningful opportunities to seek administrative review. *See Ascencio-Zetino v. Scott*, No. 2:26-cv-02856-DGE, 2026 WL 2686835, at *4 (W.D. Wash. Sep. 14, 2026) ("It is unclear how a detainee could even make an informed decision whether to appeal without knowing the IJ's reasons for finding them a flight risk or a danger to the community.").

Here, Petitioner has lived in the United States for three decades since he was a child, has a fixed address in Utah with his family, has five U.S. citizen children, and has years of steady employment prior to his detention. Dkt. No. 15 at 2. Although he does have recent misdemeanor convictions for non-violent crimes, that evidence speaks to only one of the *Guerra* factors that the IJ was required to weigh. The checkbox-form order issued by the IJ does not reflect consideration of the *Guerra* factors or explain how they apply to Petitioner's circumstances. This Court joins other courts in this district in finding that the IJ's failure to provide any explanation for a flight risk/dangerousness finding is an abuse of discretion. *See Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026) ("The Court is left to speculate concerning how the [IJ] viewed the evidence in light of the applicable factors. The Court must conclude that the [IJ] failed to do so, which constitutes an abuse of discretion."); *Ascencio-Zetino*, 2026 WL 2686835, at *4–5 ("[I]f the IJs 'issue bond denial orders without any explanation in writing or on the record, the IJs and [the Government] can expect the Court will continue to grant habeas relief.'" (quoting *Vasquez v. Scott*, No. 2:26-cv-02515-DGE, 2026 WL 2285535, at *5 (W.D. Wash. Aug. 7, 2026))).

Accordingly, the Court will grant the habeas petition. The Court finds that the appropriate remedy for Petitioner's unlawful detention is immediate release. *See Preiser*, 411 U.S. at 484

("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

## III. CONCLUSION

For these reasons, the Court GRANTS the habeas petition. Dkt. No. 4. The Government must release Petitioner no later than September 22, 2026, on reasonable conditions of supervision. The Government must file a status report no later than September 23, 2026, confirming compliance with this order.

Dated this 20th day of September, 2026.

Kymberly K. Evanson
United States District Judge